IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WARDELL GILES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) Civ. No. 09-306-SLR  - D.I. 9, 15 | |
| | ) Civ. No. 02-1674-SLR - D.I. 163 | |
| C/O FIRST NAME UNKNOWN | ) Civ. No. 09-045-SLR  - D.I. 47 | |
| WHESTONE, | ) Civ. No. 09-316-SLR  - D.I. 9 | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

At Wilmington this 28th day of October, 2009, having considered plaintiff's motions

for immediate injunctive relief and transfer (D.I. 9, 15);[1]

IT IS ORDERED that the motions are **denied**, for the reasons that follow:

1. **Background**.  Plaintiff Wardell Leroy Giles ("plaintiff"), a prisoner

incarcerated at the James T. Vaughn Correctional Center, Smyrna, Delaware, filed a

complaint pursuant to 42 U.S.C. § 1983 alleging he was sexually assaulted by

defendant.  (D.I. 2)  On October 5, 2009, plaintiff filed a letter construed as a motion for

injunctive relief to stop retaliatory conduct following the filing of said lawsuit.  (D.I. 9)

More particularly, in the letter plaintiff states that he "fears for [his] life, safety and

welfare," and that he was moved to a different building because "they are going to

make [him] suffer."  The court also received a letter from an inmate who was housed

---

[1]On October 13, 2009, plaintiff filed the same motion in four cases.  This
Memorandum Order denies the motion filed in each of the following cases:  D.I. 9, *Giles
v. HRYCI Quick Response Team,* Civ. No. 09-316-SLR (D. Del. closed Sept. 12, 2009);
D.I. 15, *Giles v. Whestone,* Civ. No. 09-306-SLR (D. Del.); D.I. 47, *Giles v. Medical
Contractors CMS,* Civ. No. 09-045-SLR (D. Del.), D.I. 47; and D.I. 163, *Giles v.
Campbell,* Civ. No. 02-1674-SLR (D. Del.).

next to plaintiff regarding the alleged retaliatory transfer of plaintiff from the Medium-High Housing Unit to the more restrictive Security Housing Unit.  (*See Giles v. Medical Contractors CMS*, Civ. No. 09-045-SLR, D.I. 41)  On October 9, 2009, the court entered a briefing schedule.  (D.I. 11)  Thereafter, plaintiff filed a motion for immediate injunctive relief and transfer.  (D.I. 15)  Warden Perry Phelps ("Phelps") opposes the motions, and plaintiff filed a reply.  (D.I. 18, 22)

2. **Standard**.  A preliminary injunction is "an extraordinary remedy that should be granted only if (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("*NutraSweet II*").  The elements also apply to temporary restraining orders.  *See NutriSweet Co. v. Vit-Mar Enterprises., Inc.,* 112 F.3d 689, 693 (3d Cir. 1997) ("*NutraSweet I*") (a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction, and must conform to the standards applicable to preliminary injunctions).  "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet II*, 176 F.3d at 153.  Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution.  *Rush v. Correctional Med. Services, Inc.,* 287 F. App'x 142, 144 (3d Cir. 2008) (not published) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

-2-

4. **Discussion**. Plaintiff claims that he was transferred to a stricter housing assignment in retaliation for his pending lawsuits. He currently has three lawsuits pending in this district. Plaintiff asks to be transferred to Morris Community Correctional Center (formerly called Morris Correctional Institution), Dover, Delaware. Plaintiff believes he would be safe there because it is the only state facility that he has not sued.

5. As of September 29, 2009, plaintiff was housed in building 21 and, according to him, transferred to building 17 for no reason. (D.I. 9) Plaintiff contends that he was moved to building 17 with no write-up and that the decreased quality of life ("QOL") stems from his lawsuits against prison officials. (D.I. 15, ex. D) Plaintiff claims he did nothing to warrant the transfer.

6. Deputy warden David Pierce ("Pierce") investigated plaintiff's change in classification. (D.I. 18, ex. A) Plaintiff's prison records indicate that he was classified to maximum security in September 2008 after he assaulted staff. (*Id.* at ¶ 3) He was found guilty of the charges. (*Id.*) A staff assault requires a mandatory classification to maximum security for a two-year period. (*Id.* at ¶ 4)

7. Inmates housed in maximum security receive a QOL review every ninety days. (*Id.* at ¶ 5) Prior to July 2009, plaintiff had reached QOL level 4. (*Id.* at ¶ 6) This level provided plaintiff with housing in a less restrictive double-cell maximum security area in building 21. (*Id.*) Plaintiff's QOL level changed, however, after he received a disciplinary charge on July 12, 2009 for possession of dangerous contraband and was found guilty of the charge. (*Id.*) Plaintiff was charged with possession of dangerous contraband after he was found to have removed a razor blade from a state issued razor

-3-

and replaced it with a foil material made to resemble the razor.  (D.I. 18, ex. A, ¶ 6)
Plaintiff accuses the warden, deputy warden, and the deputy attorney general of lying
about the razor-blade incident.  (D.I. 22)  He acknowledges that he received a five day
suspension of loss of privileges, but indicates that he returned the razor and, therefore,
could not be guilty of possessing dangerous contraband.

  8.  On September 28, 2009, plaintiff received his ninety-day QOL review, and his
QOL rating was reduced to level 2 as a result of the July 12, 2009 disciplinary charge.
(D.I. 18 at ¶ 7)  The reduction to level 2 required a more restrictive housing assignment,
and plaintiff was transferred to a single-cell maximum security area in building 17.  (Id.)
According to Pierce, plaintiff was transferred to building 17 because of his behavioral
problems and disciplinary charges.  (Id. at ¶ 8)  According to plaintiff, a single write-up
does not result in a two level QOL reduction or a transfer from building 21 to building
17.  (D.I. 22)  Plaintiff is schedule for a classification review in February 2010.  (D.I. 18
at ¶ 4)

  9.  Plaintiff contends that a memorandum written to him on October 6, 2009,
and addressed to building 21, is proof that his counselor did not reclassify him and that
the transfer was a result of retaliation.  (D.I. 21, ex. X)  He argues that, had she
reclassified him, she would not have sent the memo to his previous housing
assignment.  (Id.)

  10.  Also, in his October 5, 2009 letter to the court, plaintiff stated that he was
depressed.  (D.I. 9)  Medical records indicate that upon his transfer he received mental
health treatment.  (D.I. 19, ex. B)

11.   Upon review of the allegations made by plaintiff, the court concludes that he has not demonstrated the likelihood of success on the merits.  Plaintiff admits that received a disciplinary infraction (albeit unfairly) which, as Pierce stated, had an effect upon plaintiff's housing assignment.  To the extent that plaintiff's claims are based upon his security classification, in Delaware, inmates have no constitutionally protected interest in their classification.  *Riley v Snyder*, 72 F. Supp. 2d 456, 460 (D. Del. 1999); *Carrigan v. State of Delaware*, 957 F. Supp. 1376, 1385 (D. Del. 1997).  Plaintiff's request goes directly to the manner in which the Delaware Department of Correction operates it prison, and an injunction would substantially harm the prison administration. *See Carrigan*, 957 F. Supp. at 1385.  Additionally, granting injunctive relief is in contravention of the public's interest in the effective and orderly operation of its prison system.  *Id.*  Finally, the facts as presented do not lead to the conclusion that plaintiff was a victim of retaliation.

12.   **Conclusion**.  For the above reasons, the court will deny plaintiff's motions for injunctive relief.  (D.I. 9, 15); *Giles v. HRYCI Quick Response Team,* Civ. No. 09-316-SLR (D. Del. closed Sept. 12, 2009)(D.I. 9); *Giles v. Medical Contractors CMS*, Civ. No. 09-045-SLR (D. Del.)(D.I. 47); *Giles v. Campbell*, Civ. No. 02-1674-SLR (D. Del.) (D.I. 163).

UNITED STATES DISTRICT JUDGE