IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WARDELL LEROY GILES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 02-1674-SLR |
| ) | |
| GARY CAMPBELL, ROBERT J. ) | |
| CASSASE, and OFFICER CHARLES ) | |
| STEELE, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

At Wilmington this 31st day of March, 2010, having considered plaintiff's motion for substitution of a party defendant. (D.I. 172)

IT IS ORDERED that the motion is **denied**, for the reasons that follow:

1. **Background.** Plaintiff initiated this civil rights suit pursuant to 42 U.S.C. § 1983 against several defendants, including Gary Campbell ("Campbell"), Robert Cassase and Charles Steele (collectively, "moving defendants"). (D.I. 2) Plaintiff's only claim against Campbell was for the alleged use of excessive force in violation of the Eighth Amendment. On June 28, 2004, the court granted summary judgment with respect to plaintiff's claims against moving defendants in their official and individual capacities on the basis of qualified immunity. (D.I. 65) Campbell died on July 2, 2006. (D.I. 169) On July 19, 2006, the Register of Wills for Kent County, Delaware issued a public notice granting letters of administration to the estate of Campbell. (D.I. 174, ex.

A) On August 10, 2009, the United States Court of Appeals for the Third Circuit reversed and remanded the court's June 28, 2004, order granting summary judgment in favor of defendants based on qualified immunity. (D.I. 161) After remand, moving defendants' counsel filed a suggestion of death as to Campbell, pursuant to Fed. R. Civ. P. 25. (D.I. 169)

2. On December 14, 2009, plaintiff filed a motion to substitute Wendy Selby as administratrix of Campbell's estate for Campbell pursuant to Fed. R. Civ. P. 25(a)(1). (D.I. 172)

3. Plaintiff filed a brief in support of his motion, arguing that the substitution of Wendy Selby is not barred by 12 Del. C. § 2102 or 12 Del. C. § 2104. (D.I. 173) Moving defendants filed a brief in opposition to plaintiff's motion. (D.I. 174)

4. The court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1331.

5. **Standard.** Federal Rule of Civil Procedure 25(a)(1) allows a court to substitute a proper party for a deceased party if the claim against the deceased is not extinguished. See Fed. R. Civ. P. 25(a)(1). The rule sets forth the process and timing of substitution but "does not resolve the question [of] what law of survival of actions should be applied . . . It simply describes the manner in which the parties are to be substituted in federal court once it is determined that the applicable substantive law allows the action to survive a party's death." Robertson v. Wegmann, 436 U.S. 584, 587 (1978). Federal law provides that, when it is "deficient" with respect to federal civil rights actions, federal courts are governed by the common law of the State where jurisdiction is held, provided there are no inconsistencies with federal law. See id. at

588; 42 U.S.C. § 1988. Federal law does not provide for the survival of actions under 42 U.S.C. § 1983 and, thus, is "deficient" on the issue. See id. at 589. Therefore, the law of Delaware applies to the survival of plaintiff's claim.

6. **Discussion.** Delaware law allows causes of action to "survive to and against the executors or administrators of the person to, or against whom, the cause of action accrued." 10 Del. C. § 3701. All claims which arose before the death of a decedent are barred against the decedent's estate unless presented pursuant to 12 Del. C. § 2104 within eight months of a decedent's death. See 12 Del. C. § 2102. 12 Del. C. § 2104 provides the manner in which claims against an estate must be presented. However, "[n]o presentation of claim is required in regard to matters claimed in proceedings against the decedent which were pending at the time of the decedent's death." 12 Del. C. § 2104(2). Therefore, plaintiff's claims against Campbell's estate would be barred under Delaware law unless plaintiff meets the exception contained in § 2104(2).

7. Plaintiff's claims do not fall under the exception provided in § 2104(2) because his claims were not pending at the time of Campbell's death. An action or suit is pending from either the filing of a complaint or service of summons until the rendition of a final judgment. See Swartz v. Meyers, 204 F.3d 417, 421 (3d Cir. 2000). Plaintiff's action against Campbell was pending from the filing of the complaint on December 2, 2002, until the entry of summary judgment in moving defendants' favor on June 28, 2004.

8. Since plaintiff did not present the claims within eight months of Campbell's death and the claims were not pending at the time of Campbell's death, plaintiff's claims

against Campbell's estate are forever barred pursuant to 12 Del. C. § 2102.

9. **Conclusion.** For the above reasons, the court will deny plaintiff's motion for substitution of a party defendant. (D.I. 172) The name of defendant Gary Campbell shall be removed from the caption.

                                                                                   _____
                                                                                   United States District Judge